9 F.3d 1557
 126 Lab.Cas. P 10,925
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Samuel L. SCARPELLO, Sr., Plaintiff-Appellant,
v.
MARTIN MARIETTA CORPORATION, International Union of United
Auto, Aerospace and Agriculture Implement Workers,
Local No. 766, Defendants-Appellees.
 No. 92-1393.
 United States Court of Appeals, Tenth Circuit.
 Nov. 12, 1993.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and KELLY, Circuit Judges, and BROWN,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Samuel Scarpello appeals from a summary judgment order entered in favor of the International Union of Auto, Aerospace and Agriculture Implement Workers (union). He also seeks to overturn a jury verdict rendered in favor of his former employer, Martin Marietta Corporation. The allegations against these defendants arose following Scarpello's termination from Martin Marietta, where he worked for ten years as a mill operator. The parties are familiar with the facts and issues presented in this appeal and we will not restate them here. After carefully reviewing the record and the issues involved, we affirm.
 
 
 4
 We review the district court's decision to grant summary judgment de novo. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). Judgment pursuant to Rule 56(c) is appropriate only if there are no genuine issues of disputed fact and the moving party is entitled to judgment as a matter of law. Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Scarpello argues that he has raised factual issues regarding the union's conduct.
 
 
 5
 The union owes each of its members a duty of fair representation. See Vaca v. Sipes, 386 U.S. 171, 188 (1967). A union breaches this duty only if its conduct towards the member is "arbitrary, discriminatory or in bad faith." Id. at 190. Failure to take a grievance to arbitration does not, in and of itself, establish a breach of the duty. Id. at 191. Rather, "[a] union's actions are arbitrary only if 'in light of the factual and legal landscape at the time ..., the union's behavior is so far outside a "wide range of reasonableness" as to be irrational.' " Aguinaga v. United Food & Commercial Workers Int'l Union, 993 F.2d 1463, 1470 (10th Cir.1993)(quoting Air Line Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991)(citation omitted)).
 
 
 6
 There is nothing in this record supporting the allegation that the union acted in an arbitrary, discriminatory, or bad faith manner. At most, Scarpello has shown the union did not pursue his claim as vigorously as he would have liked. This does not give rise to a claim for breach of the duty of fair representation. See Mock v. T.G. & Y. Stores Co., 971 F.2d 522, 531 (10th Cir.1992). Consequently, we agree that summary judgment was appropriate.
 
 
 7
 Scarpello also challenges the district court's grant of summary judgment on his claim under the Labor-Management Reporting and Disclosure Act, 29 U.S.C. 411(a)(1) and (2). This section, known as the union member's "bill of rights," prohibits a union from taking retaliatory action against a member for exercising protected rights. See Sheet Metal Workers' Int'l Ass'n v. Lynn, 488 U.S. 347, 352 (1989). Although Scarpello argues that the union retaliated against him because he challenged the incumbent union president in a local election, there is nothing in the record supporting this claim. Therefore, we summarily reject this argument.
 
 
 8
 Finally, we turn to the jury instruction challenge. Without any supporting authority, Scarpello argues the jury instruction given on his wrongful discharge claim should have included language requiring a verdict in his favor if retaliation for his whistle blowing activities was a "factor," as opposed to a "substantial motivating factor," in the discharge decision. Because Scarpello did not object to this instruction at trial, our review is limited to a determination whether there was plain error. Palmer v. Krueger, 897 F.2d 1529, 1535 (10th Cir.1990).
 
 
 9
 The plain error standard requires that we review the instruction only to evaluate whether it was " 'patently plainly erroneous and prejudicial.' " Aspen Highlands Skiing Corp. v. Aspen Skiing Co., 738 F.2d 1509, 1515-16 (10th Cir.1984)(quoting Moe v. Avions Marcel Dassault-Breguet Aviation, 727 F.2d 917, 924 (10th Cir.), cert. denied, 469 U.S. 853 (1984)), aff'd, 472 U.S. 585 (1985). The instruction was neither erroneous nor prejudicial. Therefore, we reject this challenge as well.
 
 
 10
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir. R. 36.3
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation